```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                       CIVIL MINUTES--GENERAL
```

Case No.    CV 14-546-VBF(AJW)                    Date: January 31, 2014

**TITLE: <u>DeJuan Javier v. Jeffery Beard</u>**
========================================================================
PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE

    <u>Ysela Benavides</u>
    Deputy Clerk                          Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                  None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on December 21, 2013.[1]

From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  According to the petition, petitioner was convicted in 2008. [Petition at 2].  The California Court of Appeal affirmed his conviction on June 21, 2010, and petitioner did not file a petition for review in the California Supreme Court. [Petition at 3].  Thus, petitioner's conviction became final on approximately August 1, 2010 and he had one year – or until August 1, 2011 – to file a federal petition.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001).

This petition was not filed until December 21, 2013, more than two years after the limitation period expired. Thus, absent grounds for statutory, <u>see</u> 28 U.S.C. § 2244(d)(1) and (2), or equitable tolling of the limitation period, the  petition is time-barred.

---

    [1] Although the petition was filed by the Clerk's Office on January 23, 2014, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).  The Court assumes that petitioner handed his petition to the proper prison officials on the date he signed the proof of service.

1

Although petitioner indicates that he filed a habeas petition in the California Supreme Court on July 2, 2012 [Petition at 4], and this Court's reference to the California Court docket [www.appellatecases.courtinfo.gov.ca] reveals that he also filed a habeas petition in the California Court of Appeal on December 20, 2011, neither of these petitions was filed before the limitation period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003). Because it does not appear that petitioner had any state habeas petitions pending during the relevant period, he is not entitled to statutory tolling.

The limitation period also may be equitably tolled. The Supreme Court has explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). "In this circuit, equitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (citation and quotation omitted). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Lott, 304 F.3d at 925(citation omitted).

Nothing in the petition suggests that petitioner is entitled to equitable tolling.

Petitioner must show cause why the petition should not be dismissed as untimely by filing a response to this order within twenty-eight (28) days of the date of this order. In the response to this order, petitioner shall indicate whether and when he filed any petitions challenging his conviction in the state courts, as well as the date of the court's decision. If possible, petitioner shall attach copies of his state court petitions and the decisions. In addition, if he contends that he is entitled to equitable tolling, petitioner must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.[2]

---

[2] Finally, section 2244(d)(1)(D) provides that the limitation period does not begin to run until the date on which the factual predicate of a claim "could have been discovered through the exercise of due diligence." It does not appear that petitioner contends he could not have discovered his claims until a date later than the date his conviction became final. If he does so contend, petitioner must provide a detailed statement of what facts he

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

MINUTES FORM 11                                     Initials of Deputy Clerk_____
CIVIL-GEN

---

    discovered and when, as well as what steps he took in an effort to discover the facts.